Michael C. Fallon, SBN 088313
Attorney at Law
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
Facsimile: (707) 546-5775
mcfallon@fallonlaw.net

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### (Santa Rosa Division)

In Re:                                          Case No. 10-14147

Lupine Hill Vineyard, LLC                       Chapter 11

       Debtor.
_____/

## DISCLOSURE STATEMENT
## IN SUPPORT OF DEBTOR'S PLAN OF REORGANIZATION
### (February 1, 2011)

YOU ARE BEING SENT THIS DISCLOSURE STATEMENT BECAUSE YOU ARE A CREDITOR OF LUPINE HILL VINEYARD LLC. THIS DOCUMENT DESCRIBES A PLAN OF REORGANIZATION WHICH, WHEN CONFIRMED BY THE BANKRUPTCY COURT, WILL GOVERN HOW YOUR CLAIM WILL BE PAID. YOU ARE URGE YOU TO REVIEW THE DISCLOSURE STATEMENT AND THE PLAN OF REORGANIZATION CAREFULLY BEFORE VOTING ON THE PLAN.

DATED: February 1, 2011                         /s/ *Michael C. Fallon*
                                                _____
                                                Michael C. Fallon
                                                Attorney for the Debtor

# I.

## Introduction

On October 28, 2010, Lupine Hill Vineyard, LLC ("the debtor") filed a petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the Northern District of California, Santa Rosa Division. This Disclosure Statement has been prepared by the debtor in connection with the Plan of Reorganization proposed by it to comply with the provisions of the Bankruptcy Code that require the submission of information necessary for creditors to arrive at an informed decision in exercising their rights to vote for acceptance or rejection of the plan of reorganization.

### A. Repayment of Creditors/Treatment of Equity Holders

The debtor's Plan must be read together with the plan of reorganization that has been proposed by Frazier Winery LLC ("Frazier Winery") as both require the sale of real property and the Frazier Winery that are, for all intents and purposes, one asset. Upon sale all creditors should be paid in full with the balance of the sale proceeds to be paid to the bankruptcy estate of Willard Frazier, the sole member of Frazier Winery, LLC, to the extent required to pay the creditors in that estate in full.

### B. Creditors Allowed to Vote: Deadline

Creditors who wish to vote on the Plan should review this Disclosure Statement and the Plan, complete the enclosed ballot and return it to the Law Offices of Michael C. Fallon, 100 E Street, Suite 219, Santa Rosa, California 95404, on or before the date set for the return of ballots as provided in the order approving this disclosure statement. Creditors who hold allowed claims are entitled to vote to accept or reject the Plan. Ballots received by counsel after the date set forth above will not be counted in determining whether the Plan should be confirmed. Even though a creditor may choose to not vote or may vote against the Plan, all creditors will be bound by the terms of the Plan if the Plan is accepted by the requisite majority in each class of creditor and/or is confirmed by the Court. Creditors who fail to vote will not be counted in determining acceptance or rejection of the Plan. Allowance of a claim or interest for voting purposes does not necessarily mean the claim will be allowed or disallowed for purposes of

distribution under the Plan. Any claim on which an objection has been or will be made will be allowed only for distribution after determination by the Court. Such determination may be made after the Plan is confirmed.

C. Confirmation of the Chapter 11 Plan

The Bankruptcy Court will hold a hearing in the courtroom of the Honorable Alan Jaroslovsky, United States Bankruptcy Judge, 99 South E Street, Santa Rosa, California to determine whether the Plan has been accepted by the requisite number of creditors and whether the other requirements for confirmation of the Plan have been satisfied. The date of the hearing is contained in the order approving this Disclosure Statement.

For the Plan to be deemed accepted by a class of creditors the Plan must be accepted by creditors that hold at least two-thirds in dollar amount and more than one half in total number of allowed claims within that class. For purposes of this calculation, only the claims of creditors actually voting on the Plan will be counted. Under certain circumstances described in 11 U.S.C. §1129(b), the Court may confirm a plan notwithstanding the rejection thereof by more than one third in amount or one half in number of creditors voting on the plan in any given class. The Plan Proponent intends to seek confirmation under 11 U.S.C. §1129(b) in the event any class of creditors rejects the Plan.

D. Lack of Objection to the Disclosure Statement

The lack of an objection to the Disclosure Statement by any creditor or equity holder does not, and will not, operate as a waiver of the creditor's right to raise any objections to confirmation of the Plan.

E. Representations in the Disclosure Statement

The debtor is not able to warrant or represent that the information contained in this Disclosure Statement is without error, although reasonable efforts have been made to insure that the information contained herein is accurate, complete and free from error.

Except as otherwise noted all estimates and analysis with respect to the debtor's assets, claims against the debtor, property values, pending or anticipated litigation, are only the debtor's best estimates taken from the debtor's Schedule of Assets and Liabilities filed under

penalty of perjury in this Chapter 11, and the debtor cannot warrant that actual values, results, and recoveries will, in fact, be consistent with this Disclosure Statement.

Any description of the terms of the debtor's Plan is a summary only, and you are cautioned to review the terms of the Plan for significant details.

II.

Background

Lupine Hill, a limited liability company whose members are Willard Frazier and his children, owns the 46 acres from which Frazier Winery operates the winery that consists of approximately 11 acres in grapes, the winery facility, wine caves, and two rental properties. Lupine Hill is encumbered with a deed of trust held by Chase, a second deed of trust held by Bank of Alameda that is cross-collateralized with Bill Frazier's home, a third deed of trust held by It's a Jungle, and a fourth deed of trust held by Elaine Frazier, the former spouse of Bill Frazier, that is also cross-collateralized with Bill Frazier's home. This chapter 11 was filed to stop a foreclosure.

Frazier Winery, located in Napa County, is a Limited Liability Company with a single member, Willard ("Bill") Frazier. When the debtor was not able to pay the nearly $400,000 owed to It's A Jungle Out There, Inc. ("It's A Jungle") on its claim secured by the assets of the debtor, It's A Jungle obtained a pre-judgment writ that allowed It's A Jungle to take control of the debtor's inventory valued at nearly 2 million dollars. The chapter 11 was filed on the eve of the day the Napa County Sheriff was to remove the inventory pursuant to the writ.

This chapter 11 was the second of three related chapter 11's, the first chapter 11 was filed by Frazier Winery, a limited liability company whose sole member is Bill Frazier, the third chapter 11 was filed by Bill Frazier.

//
//
//
//
//

Case: 10-14147    Doc# 31    Filed: 02/01/11    Entered: 02/01/11 07:02:38    Page 4 of 10

DISCLOSURE STATEMENT IN SUPPORT
3    OF DEBTOR'S PLAN OF REORGANIZATION

## III.

## Summary of Assets and Liabilities
### Frazier Winery and Lupine Hill[1]

### Assets

| Description and Location | Market Value |
|---|---|
| 40 Rapp Lane, Napa, CA, 46 acres. (11.2 acres planted in grapes. Wine cave, winery facility, two rental homes, equipment shed, barn, 50,000 gallon use permit) | $ 9,700,000 |
| Inventory - Case Goods/Bulk Wine/Label[2] | 1,300,000 |
| ABC Seller's Permit | |
| Winery/Vineyard Equipment | 450,000 |
| Table, chairs, catering equipment | |
| Total | $ 11,900,000 |

### Liabilities
### Frazier Winery & Lupine Hill

| | |
|---|---|
| It's a Jungle Out There (Case goods/bulk wine/deed of trust)[3] | $   675,385 |
| Franchise Tax Board | 7,390 |
| US Bancorp (Frazier) | 37,794 |
| Diversified Financial Services (Frazier) | 11,476 |
| Creditors Holding Unsecured Claims (Frazier) | 93,611 |
| Creditors Holding Unsecured Claims | 359,719 |
| Napa County Tax Collector | $     49,730 |
| Chase | 1,692,229 |
| Bank of Alameda | 1,447,644 |
| Elaine Frazier | 576,000 |
| Brown Holder Alfaro & Co. | 37,500 |
| Total | $ 4,628,758 |

---

[1] The claim held by Lupine against Frazier Winery for unpaid rent is neither shown as a liability of Frazier Winery nor is it shown as an asset of Lupine Hill because the members of Lupine Hill have agreed to subordinate their rent claim to the creditors of Frazier Winery.

[2] 50% of retail

[3] The amount shown was taken from the proof claim that did not have supporting documentation.

DISCLOSURE STATEMENT IN SUPPORT
4    OF DEBTOR'S PLAN OF REORGANIZATION

IV.

**Classification of Claims and Interests**

The following is a designation of the classes of claims and the class of interests provided for in this Plan. Administrative claims, priority tax claims, and priority wages claims of the kinds specified in Bankruptcy Code § 507(a)(2) and §507(a)(8) respectively, have not been classified and are excluded from the following classes in accordance with the provisions of §1123(a)(1) of the Bankruptcy Code. A claim or interest shall be deemed classified in a different class to the extent that any remainder of the claim or interest qualifies within the description of such different class. A claim is in a particular class only to the extent that the claim is an Allowed Claim in that class.

Class 1- Napa Tax Collector

Class 2- Chase

Class 3 - Bank of Alameda

Class 4 - IAJOT, Inc. dba Vintage Capital

Class 5 - Elaine Frazier

Class 6 - Allowed Unsecured Claims

Class 7 - Membership Interests

V.

Treatment and Provision for Non-Classified Claims

Each holder of an Allowed Claim of the kind specified in § 507(a)(1) and (a)(8) of the Bankruptcy Code, not otherwise separately classified herein, and the Office of the United States Trustee, shall receive on account of such claim cash equal to the allowed amount of such claim, unless such holder shall have agreed to a less favorable treatment, not later than fifteen (15) days following the sale of Lupine Hill and Frazier Winery.

VI.

Summary and Implementation of the Plan

Summary

The plans in Lupine Hill and Frazier Winery require the sale of the assets of both

entities on or before July 1, 2011, reserving to the debtor the right to apply for a 45 day extension of the deadline to close if a bona fide escrow has been opened by the July 1, 2011, deadline.

The proceeds will be distributed first to those creditors who hold security interests in the assets being sold and next to the allowed claims in the order of priority set out in the Bankruptcy Code, with Lupine Hill subordinating its claim against Frazier Winery to the creditors of Frazier Winery. The balance of the sale proceeds are to go to the estate of Willard Frazier to the extent necessary to pay the creditors in that estate in full. The balance of the proceeds are to be paid to the members of Lupine Hill.

Implementation

Listing Agreement   Lupine and Frazier Winery shall retain a California Licensed Real Estate Broker who regularly participates in the listing and sale of winery properties for the purpose of marketing and selling the winery. The listing agreement shall be in a form commonly used for similar transactions in the Napa area.

Marketing/List Price   The Real Estate Broker shall market the winery property for sale in a manner that is consistent with standard practices in the industry. The list price for the winery property shall be determined by the Real Estate Broker with the advice and consent of Willard Frazier with the objective of maximizing the return to the unsecured creditors.

Compensation   The Real Estate Broker shall receive compensation not to exceed six percent (6%) of the sale price.

Closing Costs   Closing costs shall be shared by Lupine and Frazier Winery and the buyer as the parties may agree.

Dual Agency   The real estate broker may with the consent of Lupine and Frazier Winery participate in the sale as a dual agent representing both seller and buyer.

Court Supervision of Sale   Lupine and Frazier Winery do not need Court approval to consummate a sale. However, if there is a dispute as to either the validity or the amount of a secured claim, the debtor may on ten days notice request that the court enter an order allowing the sale free and clear of the disputed claim with the claim to attach to the sale proceeds

pending further order of court.

  <u>Deadline To Consummate Sale</u> Lupine and Frazier Winery shall consummate a sale of the winery on or before July 1, 2011. However, if Lupine and Frazier Winery have opened a bona fide escrow for the sale of the Winery, Lupine and Frazier Winery may have up to forty-five (45) days to close the escrow.

  <u>Conversion to Chapter 7</u>. If a sale is not consummated on or before July 1, 2011, or such extension that may be allowed by the court, this case shall be converted to chapter 7 with the assets to vest in the trustee.

## VII.

## Satisfaction of Claims and Interests

  The Plan is intended to deal with all Claims against the debtor of whatever character, whether or not contingent or liquidated, and whether or not allowed by the Court. However, only those Claims allowed will receive distributions under the Plan. All Creditors and other parties in interest who have or assert Claims in any Class shall, upon Confirmation of the Plan, be deemed to have acknowledged that their respective Claims are fully satisfied by the distribution provided herein, each of which Claims, whether known or unknown, scheduled or unscheduled, filed or unfiled, asserted or assertable, are declared and shall be, for all purposes, upon the entry of the Order Confirming Plan, satisfied in full. All Impaired Classes of Claims shall receive the distributions set forth in the Plan on account of, and in complete satisfaction of, all such Allowed Claims. Without limiting the foregoing, on the Effective Date, each Creditor shall be deemed to have waived, relinquished and released any and all of their rights, Claims, other than as provided for in the Plan.

## VIII.

## Alternative to the Plan

  To arrive at a judgment on whether or not to vote for or against the Plan proposed by the debtor, a Creditor or other party in interest needs to have an understanding of the consequences of what would happen if the Case was converted to Chapter 7.

  When a Chapter 11 is converted to Chapter 7 a trustee is appointed who is given the

task of liquidating assets that will, net of costs of sale and net of liens, allow for a meaningful distribution to the unsecured creditors. In this case, assuming a trustee was willing to operate the winery and had the consent of It's a Jungle Out There to use cash collateral during the marketing of the winery property, the result proposed by the debtor in its plan would vary little to what would occur in a chapter 7, assuming the winery sold near the current list price. However, if the trustee did not operate the winery one could expect the value of the winery to drop significantly to the point where there may not be sufficient proceeds to pay all of the secured creditors.

IX.

Executory Contracts and Unexpired Leases

The debtor will assume all executory contracts and unexpired leases.

X.

Tax Consequences

There should be no tax consequences to any class of creditors as a result of confirmation of the plan except those creditors who receive a distribution that may have previously written off the claim for tax purposes. As to those creditors there may be a recognizable gain when the claim is paid. Creditors are urged to consult with their own tax advisors.

XI.

1111(b) Election

An undersecured creditor may elect to have its claim treated as fully secured under section 1111(b)(2), meaning that a creditor relinquishes the right to vote and to share in the distribution as an unsecured creditor. However, a class of claims may not make such election if (I) the interest on account of such claim of the holder of such claim in such property is of inconsequential value or (ii) the holder of a claim has recourse against the debtor on account of such claim and such property is sold.

XII.

Conclusion

If the plan is not confirmed and instead the case is converted to chapter 7, it is doubtful unsecured creditors will be paid. Kim Frazier, on behalf of the debtor, urges all creditors to vote in favor of the plan.

Dated: February 1, 2011        s/ Michael C. Fallon

                                        Michael C. Fallon
                                        Attorney for the Debtor