Michael C. Fallon, SBN 088313
Attorney at Law
100 E Street, Suite 220
Santa Rosa, California 95404
Telephone: (707) 546-6770
Facsimile : (707) 546-5775
mcfallon@fallonlaw.net

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
(Santa Rosa Division)

In Re:                                               Case No. 10-14147

Lupine Hill Vineyard, LLC                            Chapter 11

       Debtor.
_____/

DEBTOR'S PLAN OF REORGANIZATION
(February 1, 2011)

This Plan of Reorganization (hereinafter the "Plan") is proposed by Lupine Hill Vineyard, LLC ("Lupine"). Through this Plan Lupine seeks to resolve and reorganize its financial affairs. Please refer to the accompanying Disclosure Statement for a discussion of Lupine's history, assets and liabilities, and for a summary and analysis of this Plan. All creditors are encouraged to consult the Disclosure Statement before voting to either accept or reject this Plan.

Dated: February 1, 2011

                                                /s/ *Michael C. Fallon*
                                                _____
                                                Michael C. Fallon
                                                Attorney for Lupine

# I
## Definitions

The following terms when used in this Plan shall, unless the context otherwise requires, have the following meaning:

"Administrative Expense" means those expenses described in Section 503 of the Bankruptcy Code.

"Allowance Date" shall mean the date of a Final Order of the Court allowing a Claim or Interest in this Case.

"Allowed Claim" means a claim (a) for which a proof of claim was timely filed with the Court, or (b) scheduled in a list of creditors, or amendment thereto, prepared and filed with the Court pursuant to Rule 1007 of the Bankruptcy Rules of Procedure and not listed as disputed, contingent or unliquidated, and in either case as to which no objection has been filed or the claim is allowed by Final Order or deemed allowed by this Plan.

"Allowed Priority Claim" means an allowed claim for which the holder asserts and is determined to be entitled to priority under Section 507 of the Bankruptcy Code.

"Allowed Secured Claim" means an allowed claim that is secured by a valid lien on property of Lupine which is not void or voidable under any state or federal law including any provisions of the Bankruptcy Code. That portion of such claim exceeding the value of security held therefore shall be an allowed unsecured claim except as modified by this Plan.

"Allowed Unsecured Claim" means an allowed claim against Lupine which is not an allowed priority claim or an allowed secured claim.

"Bankruptcy Code" means Title 11 of the United States Code and shall also include Sections 157, 158, 1334, 1408-1412, and 1452 of Title 28 of the United States Code.

"Bankruptcy Court" means the United States Bankruptcy Court for the Northern District of California, Division One, or other court or forum as may be vested with original jurisdiction to confirm plans of reorganization under Chapter 11 of the Bankruptcy Code and to adjudicate matters with respect to such plans.

"Bar Date" shall mean March 3, 2011, which is the date established by the Bankruptcy Court for all creditors to file a Proof of Claim.

"Claim or Claims" shall mean a right to payment from Lupine, which is evidenced by a timely filed proof of claim or application for payment which is allowed by the Court, or if a proof of claim is not filed, a right which otherwise appears in the applicable schedules of Lupine and (1) is not listed as disputed, contingent or unliquidated, or (2) has been resolved by Final Order of the Court pursuant to the terms of the Plan.

"Confirmation" means entry of an order by the Bankruptcy Court confirming this Plan.

"Debtor" or "Debtor-In-Possession" means Lupine Hill Vineyard, LLC.

"Effective Date" means the date shall mean means the date the Order Confirming Plan becomes a Final Order.

"Estate" means all of Lupine's now existing legal or equitable interests in any tangible or intangible property, whether real or personal.

"Final Order" means an order or judgment of a court of appropriate jurisdiction as to which (a) any appeal that has been taken has been finally determined or dismissed, or (b) the time for appeal has expired and a notice of appeal has not been filed timely.

"Lien" means any charge against or interest in property of the Estate to secure payment of a debt or performance of an obligation and includes, without limitation, any judicial lien, security interest, mortgage, deed of trust and statutory lien as defined in Section 101 of the Bankruptcy Code.

"Plan" shall mean the Plan of Reorganization in its present form, or as it may be amended, supplemented or modified.

"Frazier Winery" shall mean the winery facility at 40 Rapp Lane, Napa, California.

"40 Rapp Lane" shall mean the vineyard and Frazier Winery, LLC at 40 Rapp Lane, Napa, California.

II

Introduction

This Plan designates seven (7) classes of Claims, other than administrative fees and expenses, claims of governmental units and wage claims which are unclassified, and it specifies which of those classes are impaired by the Plan and which classes are not impaired. The Plan

provides the means for its implementation by vesting the assets of the Estate in Lupine on the Effective Date of the Plan and providing that Lupine shall pay the Claims as provided in the Plan. The manner, amount, and timing of distributions to each creditor is determined by the provisions of the Plan. When the case has been substantially consummated, the Court may enter a Final Decree.

The provisions of the confirmed Plan bind Lupine, and the creditors of Lupine, whether or not they have accepted the Plan and whether or not they are impaired by the Plan. Distributions under the Plan are in exchange for, and in complete satisfaction of, existing Claims and will discharge and release all such Claims and Liens as against Lupine, except as otherwise provided in the Plan. On and after the Effective Date, all holders of impaired Claims and Interests shall be precluded from asserting any Claim against Lupine or its property based on any transaction or other activity of any kind that occurred prior to commencement of the case, except as otherwise provided for under this Plan.

## III

## Classification of Claims and Interests

The following is a designation of the classes of claims and the class of interests provided for in this Plan. Administrative claims, priority tax claims, and priority wages claims of the kinds specified in Bankruptcy Code § 507(a)(1) and §507(a)(8) respectively, have not been classified and are excluded from the following classes in accordance with the provisions of §1123(a)(1) of the Bankruptcy Code. A claim or interest shall be deemed classified in a different class to the extent that any remainder of the claim or interest qualifies within the description of such different class. A claim is in a particular class only to the extent that the claim is an Allowed Claim in that class.

        Class 1-        Napa Tax Collector
        Class 2-        Chase
        Class 3 -       Bank of Alameda
        Class 4 -       IAJOT, Inc. dba Vintage Capital
        Class 5 -       Elaine Frazier
        Class 6 -       Allowed Unsecured Claims
        Class 7 -       Membership Interests

# IV

## Treatment and Provision for Non-Classified Claims

Each holder of an Allowed Claim of the kind specified in § 507(a)(1) and (a)(8) of the Bankruptcy Code, not otherwise separately classified herein, and the Office of the United States Trustee, shall receive on account of such claim cash equal to the allowed amount of such claim, unless such holder shall have agreed to a less favorable treatment. Payments on account of the such a claim shall be paid in full not later than fifteen (15) days after the sale of the winery closes.

# V

## Treatment and Provision for Each Class of Claims

Each class of Claims or interests shall be dealt with in the manner set forth below. All classes are impaired.

Class 1- Napa County Tax Collector shall be paid its Allowed Secured Claim in full directly out of the escrow for the sale of 40 Rapp Lane and Frazier Winery. Napa County Tax Collector shall retain its security interest until paid in full as provided herein.

Class 2- Chase shall be paid its Allowed Secured Claim in full directly out of the escrow for the sale of the 40 Rapp Lane and Frazier Winery. With the exception of changing the payment terms, all terms and conditions of the obligation between Lupine and Chase shall not be modified; Chase shall retain its security interest until paid in full as provided herein.

Class 3 - Bank of Alameda shall be paid its Allowed Secured Claim in full directly out of escrow for the sale of 40 Rapp Lane and Frazier Winery. With the exception of changing the payment terms, all terms and conditions of the obligation between Lupine and Bank of Alameda shall not be modified; Bank of Alameda shall retain its security interest until paid in full as provided herein.

Class 4 - IAJOT, Inc. dba Vintage Capital shall be paid its Allowed Secured Claim directly out of the escrow for the sale of 40 Rapp Lane and Frazier Winery. With the exception of the payment terms, all terms and conditions of the obligation between IAJOT, Inc. dba Vintage Capital shall not be modified; IAJOT, Inc. dba Vintage Capital shall retain its security

interest until paid in full as provided herein.

Class 5 - Elaine Lupine shall be paid her Allowed Secured Claim in full directly out of escrow for the sale 40 Rapp Lane and Frazier Winery. With the exception of the payment terms, all terms and conditions of the obligation between Lupine and Elaine Frazier shall not be modified; Elaine Frazier shall retain her security interest until paid in full as provided herein.

Class 6 - Allowed Unsecured Claims shall be paid in full.

Class 7 - Membership shall subordinate their membership interest to the Allowed Claims in the bankruptcy estate of Frazier Winery, LLC and the bankruptcy estate of Willard Frazier.

## VI

## Implementation of the Plan

A. Vesting.

On the Effective Date, all property of the Estate shall be transferred to, and shall vest in the reorganized Lupine subject to the interests evidenced by the Security Interest and Liens preserved under the Plan. After the Effective Date, Lupine may use, lease, license, transfer, sell, refinance, encumber, hypothecate, dispose of, acquire, and buy property, including payment of professionals, subject to the terms of this Plan, but free of any other restriction contained in the Bankruptcy Code or Bankruptcy Rules or Bankruptcy Local Rules. As of the Effective Date, all property vested in Lupine shall be free and clear of all Claims of creditors, except the obligations that are imposed or preserved by this Plan.

B. Means of Funding the Plan.

<u>Listing Agreement</u>   Lupine and Frazier Winery shall retain a California Licensed Real Estate Broker who regularly participates in the listing and sale of winery properties for the purpose of marketing and selling the winery. The listing agreement shall be in a form commonly used for similar transactions in the Napa area.

<u>Marketing/List Price</u>   The Real Estate Broker shall market the winery property for sale in a manner that is consistent with standard practices in the industry. The list price for the winery property shall be determined by the Real Estate Broker with the advice and consent of

Willard Frazier with the objective of maximizing the return to the unsecured creditors.

<u>Compensation</u>   The Real Estate Broker shall receive compensation not to exceed six percent (6%) of the sale price.

<u>Closing Costs</u>  Closing costs shall be shared by Lupine and Frazier Winery and the buyer as the parties may agree.

<u>Dual Agency</u>  The real estate broker may with the consent of Lupine and Frazier Winery participate in the sale as a dual agent representing both seller and buyer.

<u>Court Supervision of Sale</u>   Lupine and Frazier Winery do not need Court approval to consummate a sale. However, if there is a dispute as to either the validity or the amount of a secured claim, the debtor may on ten days notice request that the court enter an order allowing the sale free and clear of the disputed claim with the claim to attach to the sale proceeds pending further order of court.

<u>Deadline To Consummate Sale</u> Lupine and Frazier Winery shall consummate a sale of the winery on or before July 1, 2011.  However, if Lupine and Frazier Winery have opened a bona fide escrow for the sale of the Winery, Lupine and Frazier Winery may have up to forty-five (45) days to close the escrow.

C. Transfer of Membership Interest   The members shall transfer to Willard H. Frazier, their father, the membership interest transferred to them by Willard H. Frazier during the one year prior to commencement of the chapter 11 filing of Willard H. Frazier (USBC Case No. 10-14148).

D. Subordination of Rent Claim.  Lupine Hill shall subordinate its rent claim against Frazier Winery LLC to the creditors in the bankruptcy estate of Frazier Winery, LLC and to the creditors in the bankruptcy estate of Willard Frazier.

E. Distribution of Sale Proceeds.  The proceeds received from the sale of Lupine Hill and Frazier Winery will be distributed first to those creditors who hold security interests in the assets being sold and next to the allowed claims in both Lupine Hill and Frazier Winery as set forth above. The balance of the sale proceeds are to be paid to the bankruptcy estate of Willard Frazier to the extent necessary to pay all creditors in that estate in full.

F. Conversion to Chapter 7. If a sale is not consummated on or before July 1, 2011, or such extension as may be approved by the court, the case shall convert to chapter 7. In the event of conversion all assets shall transfer to, and vest in the Chapter 7 bankruptcy estate on the date of conversion.

G. Management. Kim Frazier will continue to manage Lupine.

## VII

## Reservation of Claims and Defenses

Lupine expressly reserves all claims and defenses, including objections to claims, that existed prior to confirmation (the "Retained Claims and Defenses"). The Retained Claims and Defenses shall consist of any and all claims, interest, causes of action, defenses, counter claims, cross claims, third party claims, or rights of offset, recoupment, subrogation, or subordination held by Lupine or the bankruptcy estate, including, but not limited to, any claims pursuant to Bankruptcy Code Sections 502, 544, 545, 547, 548, or 549, any avoiding powers arising under the Bankruptcy Code or other applicable law and any claims or causes of action including any cause of action against Scott Valley Bank. None of the Retained Claims or Defenses shall be barred or estopped because the Plan or the Disclosure Statement does not specifically identify or describe a Retained Claim or Defense or the person against whom a retained claim or defense may be asserted.

## VIII

## Executory Contracts

There are no executory contracts or unexpired leases to either assume or reject pursuant to Sections 365 and 1123(b)(2) of the Bankruptcy Code.

## X

## Retention and Jurisdiction By the Bankruptcy Court

The Bankruptcy Court shall retain jurisdiction for the following purposes:

1. The allowance or disallowance of Claims;

2. The rejection, pursuant to sections 365 and 1123 of the Bankruptcy Code, of executory contracts or unexpired teases in accordance with Article VI of the Plan;

3. Resolution of controversies or disputes regarding requests for payment of Administrative Claims, compensation of Professionals, or the costs and expenses allowed under the Plan;

4. The Resolution of controversies or disputes regarding the interpretation of any provision of the Plan;

5. The Implementation of the provisions of the Plan and the entry of orders in aid of confirmation or consummation of the Plan;

6. Modification of the Plan pursuant to section 1127 of the Bankruptcy Code;

7. Adjudication and determination of any fraudulent conveyance and preference claim under the Bankruptcy Code or under any other applicable law, including but not limited to claims under Bankruptcy Code sections 542, 543, 544, 545, 547, 548 or 549.

8. Adjudication of any causes of action belonging to the Estate or to the Committee to the extent permissible under sections 1334 and 157 of title 28 of the United States Code;

9. Entry of an order closing this Chapter 11 case and of a final decree herein; and

10. Any other matter necessary or appropriate for the completion or the implementation of this Plan or the foregoing items.

Dated: February 1, 2011                  /s/ *Michael C. Fallon*
                                                 _____
                                                 Michael C. Fallon
                                                 Attorney for Lupine